UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

Kyle Cox, and Kasim Adams, *on behalf of themselves and others similarly situated in the proposed FLSA Collective Action,*

                        *Plaintiffs,*

    - against -

Procida Construction Corp., Procida Construction Corp. of NY, and Mario Procida,

                        *Defendants.*

-----------------------------------------------------------------X

Case No.:

**Jury Trial Demanded**

**COMPLAINT**

Plaintiffs Kyle Cox ("Cox"), and Kasim Adams ("Adams", and together with Cox, the "Plaintiffs"), on behalf of themselves and others similarly situated, by and through their attorneys, Levin-Epstein & Associates, P.C., upon personal knowledge as to themselves and upon information and belief as to others, bring this complaint against Defendants Procida Construction Corp. and Procida Construction Corp. of NY, (together, the "Corporate Defendants"), and Mario Procida (the "Individual Defendant", and with the Corporate Defendants, the "Defendants") and state as follows:

## NATURE OF THE ACTION

1. Defendants own and operate a construction company, known as "Procida Construction."

2. Since as early as the 1970's, Defendants "[have] built in excess of 5,000 housing units, in addition to being involved in the development and construction of numerous commercial developments[,]"[1] which include public works projects with New York City government

---

[1] https://www.procidacompanies.com/procida-construction/ (last accessed December 9, 2022).

instrumentalities, as well as private sector projects.

3. Defendants have an insidious reputation of dodging the costs of doing business and gain a competitive advantage.[2]

4. To accomplish their business goals, Defendants fail to pair their manual laborers, including Plaintiffs, legally required overtime wages and prevailing wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and New York State Labor Law ("NYLL").

5. Plaintiffs bring this lawsuit seeking recovery, for themselves and all other similarly situated individuals, against Defendants' violations of the FLSA, and violations of Articles 6 and 19 of the NYLL and their supporting New York State Department of Labor regulations.

6. Plaintiffs seek injunctive and declaratory relief and to recover unpaid overtime wages, unpaid spread-of-hours, unpaid prevailing wages, liquidated and statutory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA, NYLL, and the NYLL's Wage Theft Prevention Act ("WTPA").

**JURISDICTION AND VENUE**

7. The Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331 and 28 U.S.C. § 1337, and has supplemental jurisdiction over Plaintiffs' claims under the NYLL pursuant to 28 U.S.C. § 1367(a).

8. This Court has federal question jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331 because their claims arise under the FLSA.

9. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c), because all events relevant to this action occurred in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

---

[2] *See, e.g., Jackson et al v. Procida Construction Corp. et al* [Case No.: 13-cv-02987]; *Palacios v. P. Mejias Cleaning Services et al* [Case No.: 18-cv-09471]; *Vinas et al v. Procida Construction Corp. et al* [Case No.: 18-cv-01699].

## THE PARTIES

**PLAINTIFF KYLE COX**

10. Plaintiff Cox was employed as a "Tier A Interior Demolition Worker" and manual laborer at Procida Construction from on or around November 21, 2019 to, through and including, the present date.

11. Plaintiff Cox was employed as a non-managerial employee at Procida Construction from on or around November 21, 2019 to, through and including, the present date.

12. At all relevant times, Plaintiff Cox has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

13. At all relevant times, Plaintiff Cox has been a manual worker within the meaning of NYLL § 191(1)(a).

**PLAINTIFF KASIM ADAMS**

14. Plaintiff Adams was employed as a "Tier A Interior Demolition Worker" and manual laborer at Procida Construction from on or around June 2020 to, through and including, July 2021.

15. Plaintiff Adams was employed as a non-managerial employee at Procida Construction from on or around June 2020 to, through and including, July 2021.

16. At all relevant times, Plaintiff Adams has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

17. At all relevant times, Plaintiff Adams has been a manual worker within the meaning of NYLL § 191(1)(a).

**DEFENDANT PROCIDA CONSTRUCTION CORP.**

18. Upon information and belief, Defendant Procida Construction Corp. is a domestic

corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 456 East 173rd St., Bronx, NY 10457.

19. At all times relevant to this Complaint, Defendant Procida Construction Corp.: (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

20. At all times relevant to this Complaint, Defendant Procida Construction Corp. was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiffs.

21. At all times relevant to this Complaint, Defendant Procida Construction Corp. was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiffs.

**DEFENDANT PROCIDA CONSTRUCTION CORP. OF NY**

22. Upon information and belief, Defendant Procida Construction Corp. of NY is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 456 East 173rd St., Bronx, NY 10457.

23. At all times relevant to this Complaint, Defendant Procida Construction Corp. of NY: (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

24. At all times relevant to this Complaint, Defendant Procida Construction Corp. of NY was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiffs.

25. At all times relevant to this Complaint, Defendant Procida Construction Corp. of NY was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiffs.

**DEFENDANT MARIO PROCIDA**

26. Defendant Mario Procida is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

27. Defendant Mario Procida is sued individually and in his capacity as an owner, officer and/or agent of the Corporate Defendants.

28. Defendant Mario Procida possesses or possessed operational control over the Corporate Defendants, or controlled significant functions of the Corporate Defendants.

29. Defendant Mario Procida determined the wages and compensation of employees, including Plaintiffs, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

30. At all times relevant to this Complaint, Defendant Mario Procida was and is an employer within the meaning of the 29 U.S.C. 201 *et seq*. and NYLL Section 190(3), and employed employees, including Plaintiffs.

**DEFENDANTS CONSTITUTE JOINT EMPLOYERS**

31. Defendants own, operate and/or control a construction company known as "Procida Construction" located at 456 East 173rd St., Bronx, NY 10457.

32. The Individual Defendant possesses operational control over the Corporate

Defendants, possesses an ownership interest in the Corporate Defendants, and controls significant functions of the Corporate Defendants.

33. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

34. Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

35. Defendants jointly employed Plaintiffs, and all similarly situated individuals, and are Plaintiffs' (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

36. In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

37. Upon information and belief, the Individual Defendant operates the Corporate Defendants as either an alter ego of himself, and/or fails to operate the Corporate Defendants as entities legally separate and apart from himself, by, among other things:

   a. failing to adhere to the corporate formalities necessary to operate the Corporate Defendants as separate and legally distinct entities;

   b. defectively forming or maintaining the Corporate Defendants, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

   c. transferring assets and debts freely as between all Defendants;

d. operating the Corporate Defendants for his own benefit as the majority shareholders;

e. operating the Corporate Defendants for his own benefit and maintaining control over them as closed corporations or closely controlled entities;

f. intermingling assets and debts of their own with the Corporate Defendants;

g. diminishing and/or transferring assets of the Corporate Defendants to protect his own interests; and

h. other actions evincing a failure to adhere to the corporate form.

38. At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and NYLL.

39. Defendants had the power to hire and fire Plaintiffs, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiffs' services.

## FACTUAL ALLEGATIONS

*Factual Allegations Pertaining Specifically to Kyle Cox*

40. Plaintiff Cox was an employee of Defendants.

41. Plaintiff Cox worked as a "Tier A Interior Demolition Worker" and manual laborer at the construction company known as "Procida Construction" located at 456 East 173rd St., Bronx, NY 10457.

42. During the relevant period, Plaintiff Cox performed work for public works projects funded by New York City government instrumentalities.

43. An example of a publicly funded construction project that Plaintiff Cox worked on includes: (i) the "Senior Housing Complex" development, having an address at 811 Lexington

Ave., Brooklyn, NY 11221; (ii) the "Senior Housing Complex" development, having an address in the Bronx, New York; and (iii) the "Hope Gardens" development, having an address at 314 Wilson Ave Brooklyn, NY 11237.

44. From approximately August 2020 to, through and including, December 2020 Plaintiff Cox worked five (5) days a week at the "Hope Gardens" public works project as follows: approximately 8:00 a.m. to as late as 4:30 p.m. (*i.e.,* eight-and-a-half (8.5) hours each day), with a thirty (30) minute meal break and a fifteen (15) minute coffee break, for a total period of approximately 38.75 hours during each of the weeks, respectively.

45. On multiple occasions, during the winter months (*i.e.,* in and around November 2020 through and including December 2020), Plaintiff Cox worked six (6) days a week at the "Hope Gardens" public works project as follows: approximately 8:00 a.m. to as late as 4:30 p.m. (*i.e.,* eight-and-a-half (8.5) hours each day), with a thirty (30) minute meal break and a fifteen (15) minute coffee break, for a total period of approximately 46.5 hours during each of the weeks, respectively.

46. For the first day of Plaintiff's employment at the "Hope Gardens" public works project, Defendants paid Plaintiff Cox $69.50 per hour.

47. For the remainder of Plaintiff's employment at the "Hope Gardens" public works project (*i.e.,* from on or around August 2, 2020 to, through and including, December 2020) Defendants paid Plaintiff Cox $44.20 per hour, for all hours worked, for work performed at the "Hope Gardens" public works project.

48. Under NY Labor Law § 220(a), Defendants were required to pay prevailing wages to employees working on public works projects. This obligation was either expressly included in or incorporated by reference into Defendants' contract with either a New York City government

instrumentality or with any general contractor with which the government instrumentality had a contract.

49. While the prevailing wage for "Tier A Interior Demolition Workers", depends on the exact classification of the tasks undertaken, the prevailing wage is generally at least $69.50, and sometimes significantly higher, with supplemental benefits of around the same value.

50. Plaintiff Cox did not receive the prevailing wage he was owed, however.

51. From approximately August 2, 2020 to, through and including, December 2020, Defendants paid Plaintiff Cox $44.20 per hour, for all hours worked, for work performed on at the "Hope Gardens" public works project.

52. Upon information and belief, Defendants improperly accounted for Plaintiff Cox as a "Tier B Interior Demolition Worker", despite the fact that Plaintiff Cox was actually performing work as a "Tier A Interior Demolition Worker".

53. Thus, he was paid less than prevailing wages on the "Hope Gardens" public works project.

54. Defendants' conduct extended beyond Plaintiff Cox to all other similarly situated employees.

*Factual Allegations Pertaining Specifically to Kasim Adams*

55. Plaintiff Adams was an employee of Defendants.

56. Plaintiff Adams worked as a "Tier A Interior Demolition Worker" and manual laborer at the construction company known as "Procida Construction" located at 456 East 173rd St., Bronx, NY 10457.

57. During the relevant period, Plaintiff Adams performed work for public works projects funded by New York City government instrumentalities.

58. An example of a publicly funded construction project that Plaintiff Adams worked on includes: (i) the "Hope Gardens" development, having an address at 314 Wilson Ave Brooklyn, NY 11237.

59. From approximately December 2020 to, through and including, July 2021 Plaintiff Adams worked five (5) days a week at the "Hope Gardens" public works project as follows: approximately 8:00 a.m. to as late as 4:30 p.m. (*i.e.,* eight-and-a-half (8.5) hours each day), with a thirty (30) minute meal break and a fifteen (15) minute coffee break, for a total period of approximately 38.75 hours during each of the weeks, respectively.

60. On multiple occasions, during the winter months (*i.e.,* in and around December 2020, and January 2020), Plaintiff Adams worked six (6) days a week at the "Hope Gardens" public works project as follows: approximately 8:00 a.m. to as late as 4:30 p.m. (*i.e.,* eight-and-a-half (8.5) hours each day), with a thirty (30) minute meal break and a fifteen (15) minute coffee break, for a total period of approximately 46.5 hours during each of the weeks, respectively.

61. From on or around December 2020 to, through and including, July 2021, Defendants paid Plaintiff Adams $44.20 per hour, for all hours worked, for work performed at the "Hope Gardens" public works project.

62. Under NY Labor Law § 220(a), Defendants were required to pay prevailing wages to employees working on public works projects. This obligation was either expressly included in or incorporated by reference into Defendants' contract with either a New York City government instrumentality or with any general contractor with which the government instrumentality had a contract.

63. While the prevailing wage for "Tier A Interior Demolition Workers", depends on the exact classification of the tasks undertaken, the prevailing wage is generally at least $69.50,

and sometimes significantly higher, with supplemental benefits of around the same value.

64. Plaintiff Adams did not receive the prevailing wage he was owed, however.

65. From approximately August 2, 2020 to, through and including, December 2020, Defendants paid Plaintiff Adams $44.20 per hour, for all hours worked, for work performed on at the "Hope Gardens" public works project.

66. Upon information and belief, Defendants improperly accounted for Plaintiff Adams as a "Tier B Interior Demolition Worker", despite the fact that Plaintiff Adams was actually performing work as a "Tier A Interior Demolition Worker".

67. Thus, he was paid less than prevailing wages on the "Hope Gardens" public works project.

68. Defendants' conduct extended beyond Plaintiff Adams to all other similarly situated employees.

*Factual Allegations Pertaining to Plaintiffs*

69. Plaintiffs and other similarly situated individuals are individuals who have worked for Defendants in similarly-titled, hourly paid position, during the statutory period.

70. Plaintiffs and other similarly situated individuals all shared similar job titles, training, job descriptions and job tasks, during the statutory period.

71. Plaintiffs regularly worked for the Defendants in excess of forty (40) hours a week but never received an overtime premium of one and one-half times their regular rate of pay for those hours.

72. On the weeks where Plaintiffs worked in excess of forty (40) hours a week, they were only paid their straight time rate of pay.

73. Plaintiffs' wages did not vary regardless of how many additional hours they

worked in a week.

74. Plaintiffs were paid less than prevailing wages they were owed on public works projects.

75. Plaintiffs were not required to keep track their his time, nor to their knowledge, did the Defendants utilize any time tracking device, such as sign in sheets or punch cards, that accurately reflected their actual hours worked, including time spent performing moves at job sites.

76. No notification, either in the form of posted notices, or other means, was ever given to Plaintiffs regarding wages are required under the FLSA or NYLL.

77. Defendant did not provide Plaintiffs a statement of wages, as required by NYLL 195(3).

78. Defendant did not give any notice to Plaintiffs of their rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

79. Defendant's failure to provide accurate wage notices and accurate wage statements denied Plaintiffs their statutory right to receive true and accurate information about the nature of their employment and related compensation policies.

80. Moreover, the breach of the obligations injured Plaintiffs by denying them the right to know the conditions of their compensation and resulted in the underpayment of wages averred above.

## FLSA COLLECTIVE ACTION ALLEGATIONS

81. Plaintiffs brings the First Claim for Relief as a collective action pursuant to FLSA §16(b), 29 U.S.C. §216(b), on behalf of all non-exempt persons (including but not limited to "Tier A Interior Demolition Workers", and other manual laborers) employed by Defendants on or after the date that is three years before filing of the Complaint in this case, as defined herein ("FLSA

Collective Plaintiffs").

82. At all relevant times, Plaintiffs and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines and rules willfully failing and refusing to pay them at the legally required overtime wage for all hours worked in excess of forty hours per work week. These claims of the Plaintiffs are essentially the same as those of the FLSA Collective Plaintiffs.

83. The First Claims for Relief is properly brought under and maintained as an opt-in collective action pursuant to under FLSA §16(b), 29 U.S.C. §216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and others related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants

84. Plaintiffs reserves the right to re-define the FLSA Collective Plaintiffs prior to notice or collective certification, and thereafter, as necessary.

## FIRST CLAIM
### (FLSA – Unpaid Overtime Wages, 29 U.S.C. §§ 201 *et seq*.)

85. Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

86. At all relevant times to this action, Plaintiffs are covered, non-exempt employees within the meaning of the FLSA.

87. Defendants were required to pay Plaintiffs one and one-half (1 1/2) times the regular rate at which Plaintiffs were employed for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq*.

88. Defendants failed to pay Plaintiffs the overtime wages to which they are entitled under the FLSA.

89. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiffs overtime wages.

90. Due to Defendants' willful violations of the FLSA, Plaintiffs, on behalf of themselves and FLSA Collective Plaintiffs, are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

## SECOND CLAIM
## (NYLL – Unpaid Overtime Wages)

91. Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

92. Plaintiffs are covered, non-exempt employees within the meaning of the NYLL and supporting New York Department of Labor ("NYDOL") Regulations.

93. Under the NYLL and supporting NYDOL Regulations, Defendants are required to pay Plaintiffs one and one half times the regular rate of pay, which shall not be less than the minimum wage, for all hours they worked in excess of forty.

94. Defendants failed to pay Plaintiffs the overtime wages to which they are entitled under the NYLL.

95. Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiffs overtime wages.

96. Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

## THIRD CLAIM
### (NYLL WTPA– Failure to Provide Wage Notices)

97. Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

98. The NYLL and the WTPA require employers to provide all employees with a written notice of wage rates at the time of hire.

99. In violation of NYLL §195 (1), Defendants failed to furnish to Plaintiffs at the time of hiring, or whenever their rate(s) of pay changed, with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other, allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address, if different; the telephone number of the employer, and anything otherwise required by law.

100. Due to Defendants' violations of NYLL §195 (1), Plaintiffs are entitled to recover their liquidated damages, reasonable attorney's fees and cost and disbursement of the action, pursuant to the NYLL §198 (1-b).

## FOURTH CLAIM
### (Violation of the Wage Statement Provisions of the NYLL)

101. Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

102. With each payment of wages, Defendants failed to provide Plaintiffs with a statement listing each of the following the dates of work covered by the payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross

wages; deductions; allowances, if any, claimed as part of the minimum wage; the number of regular hours worked; the number of overtime hours worked, as required by the NYLL § 195(3).

103. As a result of Defendant's violation of the WTPA, Plaintiffs are entitled to damages of at least $150 per week during which the violations occurred.

## FIFTH CLAIM
### (Failure to Pay Timely Wages)

104. Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

105. NYLL § 191(1)(a) prohibits employers from paying manual workers at no less than on a weekly basis.

106. As described above, throughout their employment with Defendants, Plaintiffs were underpaid their wages each week.

107. As a result of Defendants' violation of NYLL § 191(1)(a), Plaintiffs are entitled to recover their liquidated damages, reasonable attorney's fees and cost and disbursement of the action, pursuant to the NYLL §198 (1-a).

## SIXTH CLAIM
### (Breach of Contract)

108. Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

109. NYLL, Article 8, § 220(3)(a), (b) requires that all contracts to which the state, public benefit corporation, or a municipal corporation is a party "shall contain a provision that each laborer, workman, or mechanic, employed by such contractor, subcontractor or other person about or upon such public work, shall be paid the [prevailing] wage[]" and supplements for each hour worked.

110. While the prevailing wage for "Tier A Interior Demolition Workers", depends on the exact classification of the tasks undertaken, the prevailing wage is generally at least $69.50, and sometimes significantly higher, with supplemental benefits of around the same value.

111. The statutorily required incorporation of such terms into all public works contracts and subcontracts in the State of New York exists for the benefit of Plaintiff.

112. Defendants breached their public works contracts and/or subcontracts by failing to pay Plaintiffs the prevailing wage and supplemental benefits rate for all hours worked in performance of said contracts.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs, on behalf of themselves and FLSA Collective Plaintiffs, respectfully requests that this Court enter a judgment:

a. authorizing Plaintiffs at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as nonexempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied premium overtime wages;

b. certification of this case as a collective action pursuant to the FLSA;

c. issuance of notice pursuant to 29 U.S.C. § 216(b), to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiffs and their counsel to represent the FLSA Collective Plaintiffs;

d. declaring that Defendants violated the overtime wage provisions of the FLSA, the NYLL and the NYDOL regulations;

e. declaring that Defendants violated the notice statement pay provisions of the NYLL and WTPA;

f.    declaring that Defendant violated the timely pay provisions of the NYLL;

g.    awarding Plaintiffs unpaid overtime wages;

h.    awarding Plaintiff damages as a result of Defendants' breach of contract;

i.    awarding unpaid wages under New York State law for failure to pay timely wages;

j.    awarding Plaintiffs liquidated damages in an amount equal to the total amount of wages found to be due;

k.    awarding unpaid wages under the NYLL and the New York State contract law;

l.    awarding Plaintiffs statutory damages as a result of Defendants' failure to furnish accurate wage notice pursuant to the NYLL;

m.    awarding Plaintiffs pre- and post-judgment interest under the NYLL;

n.    awarding Plaintiffs reasonable attorneys' fees and the costs and disbursements of this action; and

o.    Such other relief as this Court deems just and proper.

Dated: New York, New York
         December 14, 2022

Respectfully submitted,

By: /s/ Joshua Levin-Epstein
Joshua Levin-Epstein
Jason Mizrahi
Levin-Epstein & Associates, P.C.
60 East 42nd Street, Suite 4700
New York, New York 10165
Tel: (212) 792-0046
Email: Joshua@levinepstein.com
*Attorneys for the Plaintiffs and proposed FLSA Collection Action Plaintiffs*