# LEVIN-EPSTEIN & ASSOCIATES, P.C.
---

60 East 42nd Street • Suite 4700 • New York, New York 10165
T: 212.792.0048 • E: Jason@levinepstein.com

March 9, 2023

**VIA ECF**
The Honorable Lorna G. Schofield, U.S.D.J.
U.S. District Court, Southern District of New York
40 Foley Square
New York, NY 10007

     Re: *Cox et al v. Procida Construction Corp. et al*
        **Case No.: 1:22-cv-10549-LGS**

Dear Honorable Judge Schofield:

  This law firm represents Plaintiffs Kyle Cox, Kasim Adams and Barrington Henry (collectively, the "Plaintiffs") in the above-referenced matter.

  Pursuant to the directives contained in Your Honor's February 27, 2023 Order [Dckt. No. 16], we hereby submit the following letter in advance of the Initial Case Conference scheduled for March 15, 2023, jointly with defense counsel, Kaufman Dolowich & Voluck, LLP.

  **I.**  **Statement of the Nature of the Case**

  **A.** **Plaintiffs' Position Statement**

  This is an action under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and Articles 6 and 19 of the New York State Labor Law ("NYLL"), brought by two (2) individuals against their former employers for violations of federal and state wage-and-hour laws.

  Defendants own and operate a construction company, known as "Procida Construction."

  Since as early as the 1970's, Defendants "[have] built in excess of 5,000 housing units, in addition to being involved in the development and construction of numerous commercial developments[,]"[1] which include public works projects with New York City government instrumentalities, as well as private sector projects.

  To accomplish their business goals[2], Defendants fail to pair their manual laborers, including Plaintiffs, legally required overtime wages and prevailing wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA") and New York State Labor Law ("NYLL").

---

[1] https://www.procidacompanies.com/procida-construction/ (last accessed December 9, 2022).
[2] Defendants have an insidious reputation of dodging the costs of doing business and gain a competitive advantage. *See, e.g., Jackson et al v. Procida Construction Corp. et al* [Case No.: 13-cv-02987]; *Palacios v. P. Mejias Cleaning Services et al* [Case No.: 18-cv-09471]; *Vinas et al v. Procida Construction Corp. et al* [Case No.: 18-cv-01699].

According to the operative amended complaint filed on December 14, 2022 [Dckt. No. 1] (the "Complaint", or the "*Compl.*"), Plaintiffs performed work for public works projects funded by New York City government instrumentalities.

An example of a publicly funded construction project that Plaintiffs worked on includes: the "Hope Gardens" development, having an address at 314 Wilson Ave Brooklyn, NY 11237.

Plaintiffs worked at the "Hope Gardens" public works project as "Tier A Interior Demolition Workers" and manual laborers as follows:

| Plaintiff | Start | End | Avg. Hours per Week | Reg. Rate of Pay | Lawful Prevailing Wage Rate |
|---|---|---|---|---|---|
| Kyle Cox | 8/1/2020 | 10/31/2020 | 38.75 | $44.20 | $69.50 |
| | 11/1/2020 | 12/31/2020 | 46.50 | $44.20 | $69.50 |
| Kasim Adams | 8/1/2020 | 10/31/2020 | 38.75 | $44.20 | $69.50 |
| | 11/1/2020 | 12/31/2020 | 46.50 | $44.20 | $69.50 |
| | 1/1/2021 | 7/30/2021 | 38.75 | $44.20 | $69.50 |
| Barrington Henry | 8/1/2020 | 10/31/2020 | 38.75 | $44.20 | $69.50 |
| | 11/1/2020 | 12/31/2020 | 46.50 | $44.20 | $69.50 |

Upon information and belief, Defendants improperly accounted for Plaintiffs as a "Tier B Interior Demolition Workers", despite the fact that Plaintiffs was actually performing work as a "Tier A Interior Demolition Worker".

While the prevailing wage for "Tier A Interior Demolition Workers", depends on the exact classification of the tasks undertaken, the prevailing wage is generally at least $69.50, and sometimes significantly higher, with supplemental benefits of around the same value. Thus, Plaintiffs were paid less than prevailing wages they were owed on public works projects, including the "Hope Gardens" public works project.

Plaintiffs regularly worked for the Defendants in excess of forty (40) hours a week but never received an overtime premium of one and one-half times their regular rate of pay for those hours. On the weeks where Plaintiffs worked in excess of forty (40) hours a week, they were only paid their straight time rate of pay.

Plaintiffs were not required to, and nor did they utilize a contemporaneous time tracking device, such as a time clock, that accurately recorded they hours worked. As a result, Defendants operated their business with a policy of not paying Plaintiffs for all regular or overtime hours worked, in violation of the FLSA and NYLL.

The Complaint asserts six (6) Causes of Action against Defendants.

FIRST: Unpaid "overtime wages under the FLSA;

SECOND: Unpaid overtime wages under the NYLL;

THIRD: Failure to provide wage notices under the NYLL and Wage Theft Prevention;

FOURTH: Failure to provide wage statements under the NYLL and Wage Theft Prevention Act;

FIFTH: Failure to pay timely wages under the NYLL;

SIXTH: Breach of contract under New York State Law;

**Defendants' Position Statement**

Defendants deny and take strong exception[3] to Plaintiffs' Position Statement above and to the baseless allegations of Plaintiffs Cox and Adams, as well as any claims asserted by Mr. Barrington Henry (collectively with Cox and Adams, "Plaintiffs"). Mr. Henry recently purported to opt in to the FLSA claim asserted herein, but is not featured in the operative pleading. Defendants reserve the right to contest opt in status as to Mr. Henry and any further purported opt ins.

To the extent that Plaintiffs were employed by Defendants within the meaning of the FLSA and NYLL, Plaintiffs were compensated for prevailing wages, overtime and other wages due to them in a timely manner, and received all notifications due under federal and state law. At all times, Defendants classified Plaintiffs under the appropriate prevailing wage categories. Further, contrary to Plaintiffs' unsupported and baseless claims, Defendants accurately recorded time worked by Plaintiffs and, per documentary evidence, paid overtime to Plaintiffs during weeks in which Plaintiff's hours worked exceeded 40 hours.

Defendants reserve the right to assert any and all additional defenses available as to Plaintiffs' spurious and unfounded claims.

II. **Subject Matter Jurisdiction & Venue**

The Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216 (b), 28 U.S.C. § 1331 and 28 U.S.C. § 1337. Plaintiffs aver that the Court possesses supplemental jurisdiction over Plaintiffs' claims under the NYLL pursuant to 28 U.S.C. § 1367(a). Defendants contest jurisdiction over the state law claims.

Plaintiffs aver that this Court has federal question jurisdiction over Plaintiffs' claims

---

[3] Defendants further take strong exception to the bizarre and poorly-researched historical claims regarding Defendants, their business and their litigation history set forth in the Complaint, and now regurgitated verbatim herein. This only proves that Plaintiffs failed to conduct due diligence prior to filing this federal complaint.

pursuant to 28 U.S.C. § 1331 because their claims arise under the FLSA.

The parties do not dispute that venue is proper in this District under 28 U.S.C. § 1391(b) and (c), because all claimed events relevant to this action occurred in this District, and the claimed acts and omissions giving rise to the claims herein alleged took place in this District.

### III.     Anticipated Motions

Plaintiffs anticipate the filing of a motion for conditional certification of a collective action, at the appropriate stage of the action. Defendants will oppose said motion and aver, *inter alia*, that Plaintiffs are inadequate representatives for any purported collective and that this matter is entirely unsuitable for collective certification. Defendants further reserve the right to seek decertification in the event any conditional collective certification is granted.

Plaintiffs anticipate the filing of a (partial) motion for summary judgment, at the appropriate stage of the action. Defendants also intend to seek summary judgment and will oppose Plaintiffs' contemplated summary judgment motion.

### IV.     Discovery To-Date

The parties have not exchanged any informal or formal discovery. The parties have conferred, and agree to exchange the following materials in advance of a mediation:

1. Any existing records of wages paid to and hours worked by the Plaintiffs (*e.g.*, payroll records, time sheets, work schedules, wage statements and wage notices).

2. Any existing documents that describe Plaintiffs' duties and responsibilities.

3. Any existing documents describing compensation policies or practices.

4. Proof of financial condition including tax records, business records, or other documents demonstrating their financial status, if Defendants intend to assert an inability to pay then they shall produce.

### V.  Plaintiffs' Fed.R.Civ.P. 26(a) Computation of Damages Claimed

| Plaintiff | Avg. Total Underpayment | Liquidated Damages | Wage Statement Violations | Wage Notice Violations | PJI | Total[4] |
|---|---|---|---|---|---|---|
| Kyle Cox | $25,894.18 | $25,894.18 | $5,000.00 | $5,000.00 | $5,573.99 | $67,362.35 |
| Kasim Adams | $57,911.68 | $57,911.68 | $5,000.00 | $5,000.00 | $12,466.08 | $138,289.44 |
| Barrington Henry | $25,894.18 | $25,894.18 | $5,000.00 | $5,000.00 | $5,573.99 | $67,362.35 |
| | | | | | | $273,014.13 |

Defendants object to this purported calculation for which no support has been provided.

### VI.  Alternative Dispute Resolution

The parties respectfully request a referral to Court-annexed mediation, to occur within 60 days of the initial conference set for March 16, 2023.

### VII.  Conclusion

Thank you, in advance, for your time and attention to this matter.

Respectfully submitted,

LEVIN-EPSTEIN & ASSOCIATES, P.C.

By: */s/ Jason Mizrahi*
Jason Mizrahi, Esq.
60 East 42nd Street, Suite 4700
New York, New York 10165
Tel. No.:  (212) 792-0048
Email: Jason@levinepstein.com
*Attorneys for Plaintiffs*

VIA ECF: All Counsel

Encl.

---

[4] Exclusive of Plaintiffs' attorneys fees and costs.