

**Taimur Alamgir**
TAlamgir@kdvlaw.com

June 22, 2023

**Via ECF**
Honorable Lorna G. Schofield
United States District Court
40 Foley Square
New York, NY 10007

Plaintiffs shall file a response, not to exceed three pages, by **June 28, 2023**. So Ordered.

Dated: June 22, 2023
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Re:   *Cox, et al. v. Procida Construction Corp., et al. S.D.N.Y. No. 22-cv-10549 (LGS)*

Your Honor:

Our firm represents Defendants in the above-captioned matter. I write, pursuant to the Court's Individual Rules of Practice, to request a pre-motion teleconference to address deficiencies in Plaintiffs' responses to Defendants' document production requests and interrogatories.[1] Briefly stated, Plaintiffs' document request responses consist *exclusively* of improper form objections and were unaccompanied by even a single document. Plaintiffs' interrogatory responses were similarly deficient and lacked verification. We met and conferred with opposing counsel on May 30, 2023 and provided opposing counsel with a written overview of the issues with discovery thereafter, but as of this date, the deficiencies have not been remedied. Accordingly, Defendants respectfully submit that a pre-motion teleconference is necessary in anticipation of filing a motion to compel discovery.

Pursuant to the Court's rules, I initially conferred with opposing counsel Jason Mizrahi on May 30th at approximately 2:30pm via telephone. During the meet-and-confer, I notified opposing counsel that Plaintiffs' responses to Defendants' document requests and interrogatories were grossly deficient. I further requested that opposing counsel promptly remedy such deficiencies to avoid motion practice. Opposing counsel advised me that he was going on vacation and would not be able to even look into any of the issues raised until after returning on June 18th.

On June 20th, I sent opposing counsel a memorialization of the prior meet and confer (Ex. E) and asked that he immediately rectify the issues previously raised (I waited until June 20th as a courtesy to opposing counsel to avoid interrupting his vacation). Opposing counsel has failed to rectify any issues, or even respond to my June 20th email as of this date.

Specific concerns with Plaintiffs' discovery compliance that I raised to opposing counsel's attention, but have not been addressed, are outlined below.

---

[1] Defendants' document requests are annexed at Ex. A and Defendants' interrogatories are annexed at Ex. B. Plaintiffs' document request responses are annexed at Ex. C and Plaintiffs' interrogatories are annexed at Ex. D.

**DEFICIENCIES IN RESPONSES TO DOCUMENT REQUESTS**

Plaintiffs' responses to document requests are non-compliant with the FRCP. Under Rule 34 (as amended in 2015), discovery responses must:

- State grounds for objections with specificity.
- An objection must state whether any responsive materials are being withheld on the basis of that objection; and
- Specify the time for production and, if a rolling production, when production will begin and when it will be concluded.

*Fischer v. Forrest*, No. 14CIV1304PAEAJP, 2017 WL 773694, at *1 (S.D.N.Y. Feb. 28, 2017)

Plaintiffs' document responses fail to comply with any of these requirements. Plaintiffs repeat vague and improper boilerplate objections in response to virtually every request in the following form:

***Response**: Plaintiffs object to this request on the basis that the information requested is a matter of public record or is already in the possession of Defendants (including without limitation any documents already produced in this matter), or that the burden of obtaining the information would otherwise be less or substantially the same for Plaintiffs as for Defendants.*

Such responses clearly fail to object with the required level of specificity, indicate whether responsive materials are being withheld or provide the required timeline for any forthcoming production. I requested during the meet-and-confer and follow-up email that Plaintiffs provide revised responses that do not improperly rely on objections, but Plaintiffs have repeatedly ignored such good-faith efforts. As such, Court intervention is warranted.

Likewise, the Court's involvement is necessary in view of Plaintiffs' failure to produce even a single document in response to any one of our requests. Plaintiffs' objections are completely meritless. Raising such objections while failing to produce a single document shows that Plaintiffs either did not perform any kind of search for responsive materials or are stonewalling to avoid producing documents that hurt their cases.

During the May 30th meet-and-confer and in the subsequent June 20th follow-up email, I raised Plaintiffs' aforesaid failure to produce *anything* in response to *any* of Defendants' requests and requested that Plaintiffs supplement each and every request.

In addition, I specifically directed opposing counsel's attention to Plaintiffs' failure to produce the following specific materials:

- Documentation of Plaintiffs' alleged working hours and compensation.
- Relevant communications (including texts and emails) between Plaintiffs and Defendants (Requests ## 9, 11).
- Relevant communications amongst Plaintiffs (Request # 13).
- Relevant social media (Request # 37)
- Relevant documents and communications concerning allegations in the Complaint (Requests ## 70-126).

Plaintiffs must properly and thoroughly search for these materials (in addition to everything else requested) and produce the same or confirm that the documents sought do not exist (or that they no longer exist due to their improper destruction or otherwise).

**DEFICIENCIES IN INTERROGATORY RESPONSES**

Plaintiffs further failed to verify their interrogatory responses as required under Rule 33. In addition, Plaintiffs failed to respond substantively to interrogatories as their inappropriate responses instead repeatedly directed Defendants to Plaintiffs' initial disclosures. Plaintiffs also failed to provide purported damages breakdowns for the two opt-in Plaintiffs, Randy Clayton and Carlik Jones.

During the pre-motion conference, the Court should address Plaintiffs' failure to provide appropriately revised interrogatory responses with appropriate verification and substantive responses, as well as a complete set of purported damages breakdowns.

We look forward to addressing these issues with Your Honor during the requested teleconference. Thank you for considering this request.

    Respectfully Submitted,
    **KAUFMAN DOLOWICH & VOLUCK, LLP**

By: _____
    Taimur Alamgir

cc:    Plaintiffs' counsel (via ECF)