

**Taimur Alamgir**
TAlamgir@kdvlaw.com

August 1, 2023

**Via ECF**
Honorable Sarah Netburn
United States District Court
500 Pearl Street
New York, NY 10007

  Re: *Cox, et al. v. Procida Construction Corp., et al. S.D.N.Y. No. 22-cv-10549 (SN)*

Your Honor:

  Our firm represents Defendants in the above-captioned matter. This letter is respectfully submitted as a response in opposition to Plaintiff's submission dated July 27, 2023, in advance of the in-person conference scheduled for August 11, 2023.

  Preliminarily, regarding Plaintiffs' request for a conference with all parties present to address Defendants' letter dated July 26, 2023 (ECF No. 41) informing the Court of proposed opt-in Plaintiff Barrington Henry's homophobic harassment and intimidation of a witness,[1] Defendants have no objection to such a conference, provided that the conference is scheduled at a time convenient for our client, Defendant Mario Procida. Defendants intend to seek further relief in regard to this issue, subject to consultation with the Court.

  Further, Plaintiffs' discovery application should be denied as procedurally improper, premature, and because Plaintiffs baselessly seek wide-ranging discovery that they are not entitled to.

  Denial of Plaintiffs' request is warranted due to Plaintiffs' counsel's failure to discuss the motion with defense counsel prior to filing, as required under Your Honor's Individual Rules. It is quite remarkable that Plaintiffs' letter expressly claims to be acting in accordance with Your Honor's Rules given that Plaintiffs' counsel made no effort whatsoever to abide by them. Plaintiffs' counsel instead sought to ambush Defendants with this overbroad request for Court intervention, just a few minutes after the unsuccessful July 27, 2023 mediation concluded.

  Of note, Defendants *have* served discovery responses (as discussed below, however, Plaintiffs still have not corrected the deficient responses previously served, nor responded to Defendants' June 22, 2023 letter motion, ECF No. 33). Moreover, contrary to opposing counsel's correspondence, Defendants are not "refusing to produce" all of the discovery listed in Plaintiffs' application. Defendants have already produced nearly 1,000 pages of responsive documents and are in the process of preparing a supplemental production comprising of several thousand more pages, including

---

[1] Notably, Mr. Mizrahi's letter in response to our July 26, 2023 filing (ECF No. 42) acknowledges that Mr. Henry did in fact contact the witness in question (it is unclear why Mr. Henry would "confront" the witness with homophobic slurs or threaten to physically harm the witness if he were genuinely "concerned for his safety," as Mr. Mizrahi insists).

relevant public works contracts for the New York City Housing Authority ("NYCHA") sites that Plaintiffs worked on, as well as relevant correspondence demonstrating Defendants' compliance with the law. The Court should accordingly deny Plaintiffs' application as premature.

Plaintiffs' request for open-ended discovery unrelated to the claims of the individual Plaintiffs, which is purportedly sought in anticipation of a motion to certify claims under Rule 23, is clearly inappropriate. Firstly, **Plaintiffs have not plead this case as a Rule 23 class action**. Thus, they have no class action claims to certify.[2] Secondly, Plaintiffs seek discovery with respect to an amorphous group of so-called "Covered Employees" – "all current and former non-exempt Interior Demolition Workers and manual laborers employed by Defendants on or after the date that is six (6) years before the filing of the Complaint." This definition is **vastly** overbroad, in addition to being inconsistent with the Complaint and seeking documents entirely irrelevant to the present action.

Even setting aside these glaring defects, it is well-settled as a matter of law that Plaintiffs have no legal entitlement to so-called pre-certification class discovery, due to their failure to explain specifically why such discovery, which has nothing to do with Plaintiffs' claims and concerns other employees, is warranted. *See, e.g.*, *Charles v. Nationwide Mut. Ins. Co.*, 2010 WL 7132173, 9 (E.D.N.Y. 2010) (denying pre- certification class discovery and holding that "plaintiff has failed to articulate a sufficient basis upon which this discovery is necessary at this time."). "[C]ourts in this Circuit "have proved very cautious about compelling disclosure [regarding] putative class members at the pre-certification stage." *Bruce Katz, M.D., P.C. v. Total Mobile Ultrasound, Inc.*, No. 22 CIV. 7342 (ER), 2023 WL 2945847, at *2 (S.D.N.Y. Apr. 14, 2023). "A plaintiff is not automatically entitled to this information." *Heras v. Metro. Learning Inst.*, No. 19-CV-2694 (DG), 2021 WL 3269056, at *1 (E.D.N.Y. July 30, 2021) (denying motion to compel discovery as to putative class members); *Mitchel v. Fortress FS, LLC*, No. 14 CV 2640 (RRM)(LB), 2014 WL 12776121, at *1 (E.D.N.Y. Oct. 22, 2014) ("As plaintiff[s'] counsel has not established a proper basis for obtaining the information he seeks, plaintiff's motion to compel is denied.) Plaintiffs' proposed fishing expedition for class discovery demonstrates that Plaintiffs possess no evidence to support Rule 23 class certification, which again is not even alleged at bar and, as such, cannot be sought in discovery.

Denial of Plaintiffs' vastly overbroad and unsupported request is therefore warranted.

Finally, as noted, Plaintiffs failed to timely respond to Defendants' June 22, 2023 discovery motion (ECF No. 33) by the July 31, 2023 deadline set by the Court. Accordingly, the Court should grant that application by Defendants as unopposed and compel Plaintiffs to immediately produce the discovery listed therein (including, *inter alia*, revised responses to document requests, revised responses to interrogatories with verification, and documents, including documentation of Plaintiffs' alleged working hours and compensation, relevant communications between Plaintiffs and Defendants, relevant communications amongst Plaintiffs, and Plaintiffs' social media).

We thank the Court for considering our submission.

---

[2] Defendants reserve the right to seek sanctions against Plaintiffs and/or opposing counsel for misrepresenting the nature of Plaintiffs' allegations to the Court.

                              Respectfully Submitted,
                              **KAUFMAN DOLOWICH & VOLUCK, LLP**

By: _____
                              Taimur Alamgir

cc:      Plaintiff's counsel (via ECF)